**Merced J. RAMIREZ RANGEL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73980.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

26

M. Kaplan, Esq., San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, San Francisco, CA, Jennifer J. Kenney, Michelle G. Latour, Washington, DC, for Respondent.

Before: CANBY, BEEZER, and KOZINSKI, Circuit Judges.

## MEMORANDUM**

Merced J. Ramirez Rangel, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 850–51 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that Ramirez Rangel is statutorily ineligible for cancellation of removal because he failed to demonstrate that he had accrued ten years of continuous physical presence in the United States. *See* 8 U.S.C. § 1229b(b)(1)(A); *Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1162 (9th Cir.2002). Ramirez Rangel's failure to provide a consistent and coherent account as to the date of birth of his son in Mexico raised serious questions regarding whether Ramirez Rangel was present in the United States continuously since his alleged arrival in 1986. Ramirez

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Rangel has failed to point to any record evidence that would compel a contrary finding. *See Aruta v. INS,* 80 F.3d 1389, 1393 (9th Cir.1996).

Ramirez Rangel's due process argument is without merit because the record indicates that the IJ did not limit Ramirez Rangel's testimony, and in fact allowed him to testify further on the matter of his son's date of birth. *See Ortiz v. INS,* 179 F.3d 1148, 1153 (9th Cir.1999) ("Due process challenges to deportation proceedings require a showing of prejudice to succeed.").

■ Ramirez Rangel contends the IJ ignored corroborating testimony and affidavits, and that the IJ applied the incorrect legal standard by requiring government issued evidence to prove his date of entry. These arguments are unavailing because the BIA considered the evidence that Ramirez Rangel submitted and also agreed that Ramirez Rangel was not required to submit any government issued evidence. Thus, any IJ error was cured upon review by the BIA. *See Elnager v. INS,* 930 F.2d 784, 787 (9th Cir.1991).

Ramirez Rangel's remaining contentions are without merit.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.